IN THE MATTER OF THE PROCEEDINGS TO ACQUIRE LANDS, ETC., FOR A PUBLIC PARK. THE ESSEX COUNTY PARK COMMISSION, RESPONDENT, v. FREDERICK J. BROKAW, APPELLANT.

Argued February 6, 1930—Decided May 19, 1930.

For the appellant, *Merritt Lane.*

For the respondent, *J. Henry Harrison.*

The opinion of the court was delivered by

CAMPBELL, J. The Essex County Park Commission undertook to take, by eminent domain, a tract of land of the appellant. The condemnation commissioners awarded the owner $140,000. The owner appealed and the award by a jury in the Circuit Court upon such appeal was the sum of $111,400.30. From the judgment entered thereon the owner appeals to this court, presenting several grounds of appeal which, for the most part, urge error in refusing or permitting certain witnesses to testify as real estate experts to the value of the lands taken.

We think there was no error in the rulings so complained of.

The question of whether a witness, called as an expert, is qualified to give expert testimony is one to be primarily passed upon by the trial court, whose decision will not be reversed if there is any evidence to support it, or unless it is clearly shown to be erroneous in matter of law. *Ringwood Co.* v. *North Jersey District Water Supply Commission,* 105 *N. J. L.* 165. *In re Morris and Cummings Dredging Co.,* 96 *N. J. L.* 248; *Ross* v. *Palisades Interstate Park,* 90 *Id.* 461; *Brown* v. *Short Line Railroad Co.,* 76 *Id.* 795; 22 *C. J.* 526, § 610, &c.

It is urged, however, that the trial court erred as a matter of law in restricting the special knowledge of the witness to personal and actual participation in other sales of comparable property or personal knowledge of such other sales rather than to knowledge obtained from an examination of the records of such sales and information, more or less, based upon hearsay.

We have not been directed to, nor have we found, any adjudication in this state directly upon this question.

In *Ross* v. *Palisades Interstate Park, &c., supra,* the language is: "* * * the most material circumstance forming this qualification of expert witnesses as to land values consists of the fact, either. that they have themselves made sales or purchases of other similar lands in the neighborhood of the land in question within recent periods or that they have knowledge of such sales by others."

Whenever the question has arisen this appears to be the language employed.

The trial court defined this knowledge of sales by others as follows: "* * * and that means personal knowledge. It does not mean hearsay knowledge, what somebody else has told them or what they have learned through an examination of the consideration given in the records of deeds of conveyance, because deeds may incorrectly state the consideration and the information of third parties may have been incorrectly given."

We think this rule is correct and that the qualifying knowledge of comparable sales must be such as would be competent evidence if testified to by the proposed witness or, if not, must be substantiated by competent evidence of others before it can have the effect of qualifying the witness to speak as an expert. It is urged by the appellant that such a holding by this court would put us out of step with the adjudications in other jurisdictions. A critical examination of the brief of appellant does not seem to us to make for this result. As to sales of other comparable properties the language in other jurisdictions seems to be that the proposed witness must have knowledge. Such knowledge we nowhere

find defined to be mere hearsay. We must assume, therefore, that the courts of other jurisdictions must have intended by such language exactly what is intended everywhere by judicial language and expression, namely, legally competent knowledge.

This disposes of grounds of appeal covered by points 1, 2, 3, 4, 5 and 6 in appellant's brief.

Ground of appeal number 9, point 7, appears not to be argued.

Ground 10, point 8, is directed to the overruling of the offer of maps made July 3d, 1928, showing how the property might be developed by laying it out into streets, blocks and lots.

In this ruling we think there was no error. The property was taken as of June 25th, 1928. The maps in question bore date July 3d, 1928. The purpose of the offer was not stated. Neither were the grounds of objection stated, so far as the record before us shows.

At best it would seem that the purpose could have been only to show value in the property by some future development, speculative, both as to time and financial cost and return.

This is condemned by this court in *Morris and Cummings Dredging Co.* v. *Passaic Valley Sewerage Commissioners, supra,* and *Ringwood Co.* v. *North Jersey, &c., Commission, supra.*

Point 9 is directed at the alleged error in striking out an answer of appellant's witness, Michael Eaton.

The question was, "Was the Brokaw property—could it be used for similar purposes?" and the answer was, "Just as good."

The objection was that the witness was "not competent to testify," meaning by that we assume, that he had not been properly qualified to testify and give his opinion as an expert.

This appears to have been the conclusion reached by the trial judge and for the reasons hereinbefore expressed should not be disturbed.

Point 10 is addressed to alleged errors of the trial judge in excluding answers to the following questions put to the same witness, viz.: "(a) Did you or did you not make an offer for the purchase of the Brokaw property? (b) When was the offer made to purchase the Brokaw property?"

There was no error in these rulings. Although in the facts involved, *Montclair, &c.*, v. *Benson*, 36 *N. J. L.* 557; *Currie* v. *Waverly*, 52 *Id.* 381, and *In re Security Land Co.*, 74 *Id.* 395, are not directly in point, yet their logic is applicable and that is that the introduction of such evidence would raise collateral issues requiring determination by the jury before proofs of such offers would be competent.

For instance, if such proof was admitted, it would be perfectly competent and proper to show that at the time such offer was made a condition either more or less favorable existed than at the time of taking the lands under condemnation, or that any number of advantages or disadvantages prevailed at the time of the offer that did or did not exist at the time to which the inquiry was directed. Therein resides the iniquity and incompetency of the proof by this ground of appeal attacked.

We conclude, therefore, that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BLACK, CAMPBELL, LLOYD, CASE, BODINE, McGLENNON, JJ. 9.

*For reversal*—PARKER, VAN BUSKIRK, KAYS, DEAR, JJ. 4.