BRIDGET WHITE, PROSECUTRIX, v. STATE BOARD OF TAX APPEALS AND CITY OF JERSEY CITY, RESPONDENTS.

Argued October 3, 1939—Decided November 1, 1939.

Before Justices Parker, Bodine and Perskie.

For the prosecutrix, *John D. Craven*.

For the respondents, *James A. Hamill* (*Frank P. McCarthy*, of counsel).

The opinion of the court was delivered by

Parker, J.   The determination of this case seems to rest fundamentally on the question whether there was error at the hearing before the State Board of Tax Appeals in excluding the testimony of Mr. John D. Craven, the counsel for appellant, bearing on the valuation for taxation of a house belonging to the prosecutrix in Jersey City. The house in question is one of a row of five brick houses built as one block of dwellings, each twenty feet in frontage on Kensington avenue. They are numbered respectively, 48, 50, 52, 54 and 56 Kensington avenue.   The house of prosecutrix is No. 50. It was valued for taxation for 1937 at $6,400 for the land and $5,000 for the building.   Prosecutrix appealed, claiming that the valuation was excessive.   The County Board affirmed the assessment, and there was a further appeal to the State Board, which was heard before one of the commissioners of that board.   At the hearing Mr. Craven was sworn as a witness (without objection) and testified that the house "is one of a row of five houses all built about the same time, about forty years ago.   There are five houses built on four lots.   The houses are all absolutely comparable; they have the same frontage of twenty foot and a depth of one hundred foot, and they are all of the same depth.   The houses are all of the same construction, same width, twenty feet and about fifty feet

deep, and this property is absolutely comparable with the property that was sold for Florence H. Daly————." At this point counsel for Jersey City objected to any testimony of "comparable sales." Mr. Craven then called attention to chapter 229 of the laws of 1931, now *R. S.* 2:101-1, which provides, among other things, that "in any action or proceeding * * * on review of the assessment for taxes of any real property, any person offered as a witness in any such action or proceeding shall be competent to testify as to sales of comparable land, contiguous or adjacent to the land in question, or in the vicinity or locality thereof, from information or knowledge of such sales, obtained from the owner, seller, purchaser, lessee or occupant of such comparable land, or from information obtained from the broker or brokers who negotiated or who are familiar with or cognizant of such sales, which said testimony when so offered, shall be competent and admissible evidence in any such action or proceeding." Then there is a proviso which does not in any way bear on the present case.

The objection was put on the ground that Mr. Craven was not a real estate expert, and it was sustained by the commissioner. Mr. Craven offered to testify to a sale of property at 54 Kensington avenue, being one of these houses, and it appears elsewhere in the case that, if allowed to testify, he would have testified that No. 54 was not only comparable as a property, but had been sold on July 22d, 1937, at private sale for $5,500. We read in the brief for the defendant-respondent that "the question before this Honorable Court on the writ of *certiorari* was [is?] whether or not the State Board erred in excluding Mr. Craven, the attorney's testimony as to comparable sales."

It seems to be substantially conceded, even if *sub silentio*, that if Mr. Craven had been allowed to testify, he would have testified to a sale of No. 54 at a considerably lower price than the assessed value of No. 50, complained of.

The gravamen of the argument for the defendant-respondent is that the act in question is in derogation of the common law, and that because of what was said by the Court of Errors

and Appeals in *Essex County Park Commission* v. *Brokaw*, 107 *N. J. L.* 110, decided on May 19th, 1930, nearly a year before chapter 229 of the laws of 1931 was enacted, the latter statute was enacted solely with the intention of permitting real estate experts to testify as to the sales of comparable property in which the expert in question was not concerned, but which he knew of from information or knowledge obtained from others, and that the legislature never intended that the witness need not be an expert.

The intention of the legislature is to be sought primarily in the text of the legislation : and where the words of a statute are clear and their meaning and application plain, there is no room for judicial construction. *McGowan* v. *Metropolitan Life Insurance Co.,* 57 *N. J. L.* 390; *affirmed,* 60 *Id.* 198. We think that even a casual reading of the statute of 1931 will negative the proposition that the act is confined to expert witnesses. Its language, as already quoted above, is that "any person offered as a witness in any such action or proceeding shall be competent to testify," &c. This is strikingly similar to that in the McGowan case. Manifestly, if the legislature had intended to restrict the statute to expert witnesses, nothing was easier or simpler than for it to say so. As a matter of statutory construction, therefore, we think the point is entirely without substance : and, indeed, there seems to be no good reason why any statute of this character should be confined to experts.

What was desired to be shown in the present case was that No. 50 was one of a row of five houses all built at one time in one block and precisely alike; that there were some minor differences due to interior alterations and improvements in one or more of them over a course of years, but with that exception all the houses were alike; and that one of them had actually been sold about two months before the assessing date in 1937 at a voluntary sale for considerably less than the assessed value of the house belonging to the prosecutrix. Certainly there is nothing here that savors of expert testimony. If the parties to that sale had been called as witnesses and had testified to the sale of their own knowledge, nothing

can be clearer than that such testimony would have been entirely competent. Such testimony is received every day in proceedings under the Eminent Domain act. The obvious intent of the statute, to be readily gathered from its language, is that the legislature intended to abolish the hearsay rule in cases within the purview of the statute, of which this is one, and to permit hearsay evidence of other sales of similar properties to be received as competent for what it is worth. With regard to its weight and value, the Court of Errors and Appeals spoke through Mr. Justice Perskie in the case of *Central Railroad Company of New Jersey* v. *State Tax Department,* 112 *N. J. L.* 5 (at *p.* 14). But questions of weight and value are not before us at this time. If the testimony had any substantial value whatever, and it seems clear that it had, and there was legal error in excluding it, such error is necessarily harmful and must lead to a reversal.

The conduct of Mr. Craven in offering himself as a witness is criticised by the respondents, and not unreasonably. In 70 *C. J.* 175, it is said: "Except with respect to confidential communications, an attorney may testify as to matters affecting his client. As respects an attorney connected with the case on trial, the practice of counsel testifying is of doubtful propriety and he should ordinarily withdraw before becoming a witness, and if counsel testifies, generally it is unbecoming for him to examine witnesses or address the jury, although there is no impropriety in his testifying to mere formal matters, and there are exceptional cases in which it may be proper and necessary for counsel to testify to matters affecting the merits of the case. * * *" As we have already intimated, this testimony that was excluded was not such as required an expert witness, and apart from the statute, any one with personal knowledge of the facts could have testified to them. In the Court of Chancery testimony by an attorney or solicitor has been condemned a number of times. *Garrett* v. *Garrett,* 86 *N. J. Eq.* 293, 299; *Doremus* v. *Doremus,* 88 *Id.* 256; *Gershonowitz* v. *Neider,* 95 *Id.* 580; *In re Judges,* 101 *Id.* 9, 11; *Caruso* v. *Caruso,* 102 *Id.* 393, 401; *Etz* v. *Weinmann,* 106 *Id.* 209, 225. But whatever may be the

ethical propriety or otherwise on this point, it cannot well be said that the testimony was legally incompetent on that account.

We conclude, therefore, that there was error in excluding the testimony of Mr. Craven with regard to any sale or sales of comparable property even though hearsay, and that for this reason the judgment of the State Board of Tax Appeals must be set aside and the matter remanded for a further hearing, at which the proper rule as to admission of such testimony will be applied.