131 So.2d 515 (1961)
SALVAGE & SURPLUS, INC., Appellant,
v.
Dan WEINTRAUB, d/b/a Danart Truck Brokerage, Appellee.
No. 60-705
District Court of Appeal of Florida. Third District.
June 29, 1961.
*516 Blackwell, Walker & Gray, Miami, for appellant.
Levy, Leventhal & Goldstein, North Miami Beach, for appellee.
Before HORTON, C.J., and PEARSON, TILLMAN, and CARROLL, CHAS., JJ.
CARROLL, CHAS., Judge.
The appellant, the plaintiff below, filed an action in the civil court of record in Dade County, against a common carrier for the value of a portion of a shipment of paint which was lost in transit. On trial before a jury, the plaintiff sought to prove the value of the property involved through its sales manager. He was not shown to have knowledge of the value, nor to be qualified as an expert. The court sustained an objection to his testimony. Plaintiff then took a nonsuit, and appealed under § 59.05, Fla. Stat., F.S.A.
The question for determination is whether the trial judge was in error in ruling out the testimony of the sales manager as to the value of the goods. Appellant contends the evidence was admissible under the rule which permits an owner of property to testify as to its value though not qualified as an expert. That rule as applied to an individual owner of property is based upon his presumed familiarity with the characteristics of the property, knowledge or acquaintance with its uses and purposes, and experience in dealing with it. Atlantic Coast Line R. Co. v. Sandlin, 75 Fla. 539, 78 So. 667, 668; 20 Am.Jur., Evidence, § 892. But the holding of an office in a corporation owning property will not of itself place the officer in the position of having that knowledge of the character and uses of the property as in the case of an individual owner.
Accordingly, ownership of property by a corporation does not automatically qualify an officer of the corporation to testify as to its value. The officer must be shown to have knowledge regarding the property and its value sufficient to qualify him. Appeal of Dubuque-Wisconsin Bridge Co., 237 Iowa 1314, 25 N.W.2d 327, 330; In re Re-Bo Mfg. Co., D.C.S.D.N.Y. 1950, 90 F. Supp. 388; Winthrop Products Corp. v. Elroth Co., 331 Mass. 83, 117 N.E.2d 157, 159; Annotation, 37 A.L.R.2d 967, 971 (1954); 20 Am.Jur., Evidence, § 893. No such showing was made or attempted to be made in this case. Being unprepared to prove the value by other means, the plaintiff elected to take a nonsuit. The questioned ruling of the trial judge was eminently correct.
Affirmed.