164 N.J. Super. 127 (1978)
395 A.2d 895
NEW JERSEY SPORTS AND EXPOSITION AUTHORITY, PLAINTIFF-RESPONDENT,
v.
JOHN J. CARIDDI ET AL., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 30, 1978.
Decided December 4, 1978.
*128 Before Judges CONFORD and KING.
Mr. Alfred A. Porro, Jr., attorney for appellant.
Mr. William J. Ward, attorney for respondent.
PER CURIAM.
This condemnation case was tried to the court without a jury and resulted in a judgment awarding *129 defendant owners $178,160 with interest for their land. Defendants raise only two grounds of appeal.
The first appellate contention is that the trial judge erred in refusing to strike from the record the testimony of plaintiff's real estate valuation expert, Simon, to the extent that one of the comparable sales relied upon by him for his valuation of the subject property was verified as to price only by inquiry of the attorney in the transaction, not of a principal or broker, as permitted by N.J.S.A. 2A:83-1. Previous to the adoption of the statute it had been held that a realty expert was not qualified when his valuation credentials rested only on knowledge of sales obtained from others, i.e., "hearsay," not his own personal knowledge of the sales. Essex Cty. Park Comm'n v. Brokaw, 107 N.J.L. 110 (E. & A. 1930). The cited statute was designed to overcome Brokaw, see White v. State Bd. of Tax App., 123 N.J.L. 350 (Sup. Ct. 1939), but it unaccountably does not list attorneys along with brokers as valid sources of information as to sales to be adduced in evidence.
Brokaw has largely been distinguished out of standing as a viable authority because it is not consistent with the manner in which appraisers actually gain information concerning values of realty. See D.L. & W.R. Co. v. Hoboken, 10 N.J. 418, 434-435 (1952); D., L. & W.R.R. Co. v. Hoboken, 16 N.J. Super. 543, 556-558 (App. Div. 1951), rev'd in the preceding case on other grounds; Rockland Elec. Co. v. Bolo Corp., 66 N.J. Super. 171, 174-180 (App. Div. 1961). In the present case the witness was not citing the sales price for the truth of the fact, but, as customary with valuation experts, to explain the valuation process and the sources of the information leading to his opinion of the value of the subject property. This was entirely proper. See id. at 178-179. It should hereafter be understood that an expert may properly cite an attorney participating in the transaction as a source of confirmation *130 of a comparable sale used by the expert in arriving at his valuation of the subject property.[1]
The other appellate argument advanced is that the trial judge erred in treating the subject property as unfilled land. This position was taken by the judge on the ground that, although some filler material had at one time been placed on the property, the nature of the material used was such that it would settle and prevent construction on the site without further site preparation and fill. We think the evidence adequately supported the trial judge's view of this matter.
Affirmed.
NOTES
[1] In order to eliminate any question as to the accuracy of the sales figure in question, we have called for production of a copy of the recorded deed, and this confirms the expert's information as to the sale price in the comparable sale. R. 2:10-5.