NEW JERSEY SPORTS AND EXPOSITION AUTHORITY, PLAINTIFF-RESPONDENT, v. JOHN J. CARIDDI, ANTHONY S. CARIDDI AND CHARLES ZOCCOLI, DEFENDANTS-APPELLANTS, AND JANE DOE CARIDDI, ETC., ET AL., DEFENDANTS.

Argued October 10, 1979—Decided July 29, 1980.

*Alfred A. Porro, Jr.,* argued the cause for the appellants.

*William J. Ward,* argued the cause for the respondent.

PER CURIAM.

In this condemnation case the trial court, sitting without a jury, awarded defendant property owners $178,160, with interest, for their land. On appeal defendants alleged error in the admission of testimony by plaintiff's real estate valuation expert, where one of the comparable sales relied upon by the expert for his valuation of the property was verified as to price only by inquiry of the attorney in the transaction and not of a principal or broker as provided by *N.J.S.A.* 2A:83–1. The Appellate Division affirmed the judgment, 164 *N.J.Super.* 127 (1978). We granted certification, 81 *N.J.* 41 (1979), to address this issue: whether a real estate appraiser may base his ultimate opinion on hearsay evidence obtained from an attorney.

One method of demonstrating the fair market value of property for "just compensation" purposes is by proof of comparable sales. *Long Dock Co. v. State Bd. of Assessors,* 89 *N.J.L.* 108 (Sup.Ct.1916), aff'd, 90 *N.J.L.* 701 (E. & A.1917). *See generally* Payne, "A Survey of New Jersey Eminent Domain Law," 30 *Rutgers L.Rev.* 1111, 1134 (1977).

Proof of prior comparable sales is generally garnered from the testimony of an expert witness, *Rockland Electric Co. v. Bolo Corp.,* 66 *N.J.Super.* 171 (App.Div.1961), although expert

knowledge may not be required if the witness is otherwise competent and qualified to testify. *White v. State Board of Tax Appeals*, 123 *N.J.L.* 350 (Sup.Ct.1939). The general rule is that

[t]he supporting data testified to by the opinion witness must be relevant and competent although the use of hearsay, in and of itself, is not sufficient to condemn the competency of the opinion, especially where the witness shows that his own knowledge and experience require agreement with such hearsay evidence. The fact that certain elements are not independently admissible in evidence, however, does not bar their consideration by an expert witness in reaching an opinion. [*Nichols' Law of Eminent Domain* (3rd ed. 1979) § 18.42[1] at 18.254 to .262 (footnotes omitted).]

To facilitate the admission of such testimony, the legislature enacted the following statute:

In any action or proceeding for the acquisition or sale of land, or any interest or interests therein, or on review of the assessment for taxes of any real property, any person offered as a witness in any such action or proceeding shall be competent to testify as to sales of comparable land, contiguous or adjacent to the land in question, or in the vicinity or locality thereof, from information or knowledge of such sales, obtained from the owner, seller, purchaser, lessee or occupant of such comparable land, or from information obtained from the broker or brokers who negotiated or who are familiar with or cognizant of such sales, which testimony when so offered, shall be competent and admissible evidence in any such action or proceeding.

This section shall not be construed to apply to any action or proceeding instituted by any individual or private corporation authorized to take property for public use where compensation must first be made to the owner thereof. [*N.J.S.A.* 2A:83–1.]

The primary intent of the legislature was to overcome problems created by *Essex County Park Commission v. Brokaw*, 107 *N.J.L.* 110 (E. & A.1930), which held that only those persons who had personal knowledge of sales of comparable property could testify to the value of such sales. Assembly Statement to *L.* 1931, *c.* 229.

▪ Courts have correctly questioned the *Brokaw* decision and regarded it as "a dead letter" since the enactment of *N.J.S.A.* 2A:83–1. *See, e. g., New Jersey Sports and Exposition Authority v. Kozoil*, 172 *N.J.Super.* 219 (App.Div.), certif. den., 82 *N.J.* 287 (1980); *Rockland Electric Co. v. Bolo Corp., supra*, 66 *N.J.Super.* at 178. The "obvious intent" of that statute was "to abolish the hearsay rule in cases within the purview of the statute * * * and to permit hearsay evidence of other sales of similar properties to be received as competent for what it is

worth." *White v. State Board of Tax Appeals, supra*, 123 *N.J.L.* at 354.

■ Until the statute was amended by the legislature last year *L.*1979, *c.* 114 § 14, attorneys were not specifically named in the group referred to in the enactment. However, where otherwise qualified, testimony based on information supplied by an attorney had been held admissible. *Rockland Electric Co. v. Bolo Corp., supra; White v. State Board of Tax Appeals, supra.* Last year the legislature added attorneys to the class of those to whom the statute applies by its specific terms presumably to conform to the standard practice of relying on attorney certifications. *L.*1979, *c.* 114, § 14.

■ While the statutory amendment came after this case, it amounted to little more than a legislative clarification of the original enactment. Its purpose was to put it beyond any question that attorneys were always intended to be included within the sweep of *N.J.S.A.* 2A:83–1. The statute is aimed at permitting testimony based on verifications normally relied upon in real estate transactions. Attorney verifications are a source of information to which business persons usually resort. "[S]ince the court adopts the standards of the market place in making valuations, there is no reason why it should close its eyes to how the market place arrives at and applies the standards." *Delaware, Lackawanna & Western R. v. City of Hoboken*, 16 *N.J.Super.* 543, 557 (App.Div.1951), rev'd on other grounds, 10 *N.J.* 418 (1952). Of course, questions as to the weight and value of the evidence are still left to the court. Once it is admitted, adequate safeguards remain to deal with this evidence, such as cross-examination of the expert and examination of the attorney himself. *See, e. g., New Jersey Highway Auth. v. Rue*, 41 *N.J.Super.* 385 (App.Div.) certif. den., 22 *N.J.* 340 (1956).

Affirmed.

SCHREIBER, J., concurring.

Prior to trial the parties had exchanged a list of comparable sales. *R.* 4:73–11(b). The plaintiff, the condemning authority,

listed, among others, a sale from Stella D'Oro Biscuit Co. to Folgan Co. on April 30, 1973, the deed being recorded in Book of Deeds 5769 at page 151 in the office of the Register of Deeds of Bergen County. Plaintiff's expert, who had relied on this sale, testified on cross-examination that he had verified that sale with an attorney. At the conclusion of cross-examination, the defendants moved to strike that evidence on the ground it was based on objectionable hearsay. The motion was denied.

It is clear that the statute then in effect did not permit a witness to rely upon information or knowledge of a sale from someone other than "the owner, seller, purchaser, lessee or occupant of . . . [the] comparable land," *N.J.S.A.* 2A:83–1 (amended by *L.*1979, *c.* 114, § 14). I do not agree with the majority that the Legislature intended to or did implicitly include the owner's or seller's attorney in the described group.

However, the consideration paid for the land is set forth in the recorded deed, a public record, as required by *N.J.S.A.* 46:15–6. *Evidence Rule* 63(29) provides that a statement contained in a conveyance or other instrument purporting to affect an interest in property is admissible to prove the truth of the matter stated. I would take judicial notice under *Evidence Rules* 12(2) and 9(2)(e) of the deed which is on record in the office of the Bergen County Register of Deeds and which recites the same consideration testified to by the expert. Therefore, defendants were not prejudiced with respect to verification of the sale price, the only objection raised by them at the time the expert testified.

Defendants had an opportunity to produce evidence questioning the bona fides of the sales price and the condition of the premises at the time of the sale. This they failed to do. Moreover, even if the matter were remanded for a new trial, the evidence as adduced in the record would be admissible under the currently effective amended statute. *L.*1979, *c.* 114, §§ 14, 16.

PASHMAN, J., dissenting.

The majority bases its ruling today on a statute that had not been enacted at the time of trial. Instead of applying the

statute as it existed when the trial court ruled on the expert witness's testimony, the majority effectively creates a new hearsay exception for the purpose of deciding a single appeal. I respectfully dissent.

As a preliminary, I must address the Appellate Division's view that the attorney's verification was admissible because plaintiff did not offer it for the truth of the matter asserted. See 164 *N.J.Super.* 127, 129 (App.Div.1978). The majority implicitly and correctly rejects this reasoning as unsound. The trial court was asked to accept as evidence the expert's opinion on valuation based in part upon the truth of an out-of-court assertion of an attorney who was not a witness. That assertion does not support the expert's opinion unless it is accepted as true. Thus, the expert's testimony as to the verification by the attorney is "[e]vidence of a statement offered to prove the truth of the matter stated which is made other than by a witness  *  *  *." *Evid.R.* 63. It is therefore hearsay and inadmissible at trial unless it falls within one of the enumerated hearsay exceptions, *Evid.R.* 63(1) to 63(32), or the statute at issue on this appeal, *N.J.S.A.* 2A:83–1. Since no claim is made that any of the enumerated exceptions applies, the inquiry focuses on the statute.

The majority acknowledges that the statute in effect at the time of trial did not permit valuations based on hearsay verifications by attorneys. See *ante* at 105. Yet the majority finds that the practice of admitting such evidence existed in spite of the limiting statutory language, and that the Legislature recognized this assertedly established practice as valid by enacting *L.*1979, *c.* 114, § 14, to include attorneys within the statute. See *ante* at 105–106. Both premises of the majority's reasoning are in error.

To establish that attorney verifications were admitted as hearsay notwithstanding their exclusion from *N.J.S.A.* 2A:83–1, the majority relies on *White v. State Bd. of Tax Appeals,* 123 *N.J.L.* 350 (Sup.Ct.1939), and *Rockland Elec. Co. v. Bolo Corp.,* 66 *N.J.Super.* 171 (App.Div.1961). Neither case supports the majority's contention. In *White,* the court ruled that the stat-

ute would permit an attorney to testify as to comparable sales if the sources of his testimony qualified under the provision. See 123 *N.J.L.* at 354–355. This result would not permit someone else to rely on an attorney's valuation—a source outside the scope of the statute. The Appellate Division in *Rockland Elec. Co.* held that *N.J.S.A.* 2A:83–1 did not govern the evidence a trial court could receive in determining the qualifications of an expert in real estate valuation. 66 *N.J.Super.* at 177–178. The court there specifically noted, however, that the statute controlled when the expert testified on the sales information he used in reaching his opinion on valuation. *Id.*

Neither *White* nor *Rockland Elec. Co.* involved an expert's testimony as to the verification by an attorney of comparable sales when offered as direct evidence of value. The majority's conclusion that "testimony based on information supplied to an expert witness by an attorney has been held admissible," see *ante* at 106, is therefore erroneous.

In holding that the statute as it existed at the time of trial encompassed attorney verifications, the Court ignores a well-established principle of statutory construction. An express provision governing a given subject matter may reveal by implication that all omissions are to be understood as exclusions. See *Resnick v. East Brunswick Tp. Bd. of Educ.*, 77 *N.J.* 88, 99 (1978); *Reilly v. Ozzard*, 33 *N.J.* 529, 539 (1960); 2A Sutherland, *Statutory Construction*, § 47.23 at 123 (4th ed. 1973). This maxim is based on the commonsense notion that "generally when people say one thing they do not mean something else." *Id.*, § 47.24 at 127. It has direct application to the statute at issue. The provision authorizes testimony regarding comparable sales when verified by one of the following persons: an owner, seller, purchaser, lessee, occupant or broker. *N.J.S.A.* 2A:83–1. Attorneys are conspicuous only by their absence from the statute's plain language.

Although relying on the absence of directly applicable language is an aid to statutory construction which should be employed with caution, see *Resnick, supra,* 77 *N.J.* at 99; *Reilly, supra,* 33 *N.J.* at 539; *Gangemi v. Berry,* 25 *N.J.* 1, 11 (1957), I

believe it is determinative in this case. When the majority's attempt to include attorneys by interpreting prior cases erroneously is compared with the inferences arising from the statute's plain language, the balance weighs heavily in favor of the latter commonsense approach. Nor should the fact that the Legislature recently amended the statute to include attorneys, *L.*1979, *c.* 141, § 14, be construed as evidence of the Legislature's prior intent. The majority provides no explanation why the original provision did not include a reference to attorneys. See *ante* at 105–106. It is thus equally likely that the failure to refer to attorneys was not inadvertent, but a deliberate choice. In the absence of any enlightening legislative history, the safer course is to rely on the literal meaning of the statute.

Because on appeal it is impossible to determine the weight the trial court placed on the expert's testimony—which in part was based upon inadmissible hearsay—I would remand the case for the limited purpose of redetermining the value of the condemned property. On remand the amended statute would, of course, apply to allow the witness's reliance on attorney verifications of comparable sales. However, opposing counsel would now have a fair opportunity to rebut this testimony, which at the original trial was unexpectedly admitted only by ignoring clear statutory language.[1]

Accordingly, I would reverse the judgment of the Appellate Division.

SCHREIBER, J., concurring in result.

*For affirmance*—Chief Justice WILENTZ, and Justices SULLIVAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK —6.

*For reversal*—Justice PASHMAN—1.

---

[1]The record before the Court discloses that defendant's counsel was not notified before trial that the expert would base his testimony upon inadmissible verifications of comparable sales.