BASKIN, Judge.
Appellant sought a deficiency judgment in connection with the foreclosure of a mortgage it held on an apartment complex. Appellant requested a sum equal to the difference between the foreclosure judgment and the fair market value of the property. The trial court directed a verdict in favor of appellees, who included makers and guarantors of the notes and mortgage, and others who had assumed the mortgage.
Finding neither error nor abuse of discretion in the trial court’s rulings excluding testimony of a corporate owner’s officer concerning the value of the property, Harbond, Inc. v. Anderson, 134 So.2d 816 (Fla. 2d DCA 1961); Salvage & Surplus, Inc. v. Weintraub, 131 So.2d 515 (Fla. 3d DCA 1961); excluding evidence of the price at which the property was resold, cf. New Jersey Sports & Exposition Authority v. Cariddi, 164 N.J.Super. 127, 395 A.2d 895 (1978) (in condemnation proceeding, valuation expert permitted to cite sales price both to explain valuation process and as basis for his opinion, but not as evidence of price paid); striking the testimony of appellant’s appraiser, cf. Denver Urban Renewal Authority v. Berglund-Cherne Co., 193 Colo. 562, 568 P.2d 478 (1977) (in eminent domain proceeding, expert witness may render an opinion, based on hearsay, concerning income derived from a lease; but testimony may not be used as proof of property’s value); see generally Cirack v. State, 201 So.2d 706 (Fla.1967) (expert’s opinion must be based on facts either in evidence or within his knowledge); and excluding evi *220 dence of price paid at foreclosure sale, see section 45.031(7), Florida Statutes (1979); cf. R. K. Cooper Construction Co. v. Fulton, 216 So.2d 11 (Fla.1968) (bid price not conclusive as to value of property in subsequent action at law on note); Fara Manufacturing Co., Inc., v. Federal Savings & Loan Association of Miami, 366 So.2d 164 (Fla. 3d DCA 1979) (evidence not necessarily conclusive with regard to value of property sold on application for deficiency decree), we affirm.