523 So.2d 629 (1988)
TRAILER RANCH, INC. and Lloyd C. McDowell, Appellants,
v.
George LEVINE and Beverly Levine, His Wife, D/B/a Colonial Donut, and Alwen, Inc., D/B/a Colonial Donut, Appellees.
George LEVINE and Beverly Levine, His Wife, D/B/a Colonial Donut, and Alwen, Inc., d/b/a Colonial Donut, Appellants,
v.
TRAILER RANCH, INC. and Lloyd C. McDowell, Appellees.
Nos. 4-86-0768, 4-86-3085 and 4-86-1666.
District Court of Appeal of Florida, Fourth District.
March 2, 1988.
Rehearing and Rehearing Denied May 4, 1988.
*631 Robert Meacham of Gillespie, McCormick, McFall, Gilbert & McKee, Fort Lauderdale, and Julie Farina and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for Trailer Ranch, Inc., and Lloyd C. McDowell.
Robert W. Sidweber of Robert W. Sidweber, P.A., Sunrise, for George and Beverly Levine.
Rehearing and Rehearing En Banc Denied May 4, 1988.
HERSEY, Chief Judge.
George and Beverly Levine and the corporation through which they conducted their business, Alwen, Inc., recovered a judgment on their counterclaim against their former landlord, Trailer Ranch, Inc., and its agent Lloyd McDowell.
A jury verdict gave the Levines $35,000 for lost profits, $90,000 for loss of business value and $50,000 for intentional infliction of emotional distress. Only the first two awards are disputed on appeal.
Appellants correctly point out that recovery for loss of a business venture is to be measured either by lost profits or loss of business value, but not both. See, e.g., Aetna Life & Casualty Co. v. Little, 384 So.2d 213 (Fla. 4th DCA 1980). In response to the argument of appellees that this matter was not properly preserved for appeal, appellants point to their motion for judgment in accordance with the motion for directed verdict. That motion, however, does not raise (or preserve) the issue of double recovery.
The main thrust of appellants' appeal is that the evidence is insufficient to support an award either for lost profits or loss of business value.
Appellees argue that lost profits are established by documentary evidence including tax returns. The only tax returns in the record are three personal income tax returns, for the years 1980, 1981 and 1982. Shown on those returns are certain dividends from the operating company. As a general rule, the fact that a corporation pays a dividend, even a subchapter S corporation with pass-through income received by a shareholder, does not necessarily mathematically relate to the amount of real profit the business made during the year. This is particularly true here where there are outstanding liabilities, both secured and unsecured. Tax returns are not probative of income or "profit" of the business under such circumstances..
*632 Next, appellees point to four financial statements as indicative of profits. All are self-serving personal financial statements of the Levines. The statements for 1981 and 1982 show salaries received by the Levines, but this is not relevant to the "profit" made from the business. The two additional statements are apparently for the years 1979 and 1980, but they are for the most part illegible. In any event, they have no bearing on the issue of value.
A "statement of income for the six months ending June 30, 1981" and a "Balance Sheet" dated June 30, 1981, are also relied on as indicative of profitability. Even if the income and loss statement and the balance sheet accurately reflected true profit, they would be grossly insufficient to support the verdict which awards profits for several years. However, they are facially insufficient even for the purpose they purport to serve. For example, they totally ignore the purchase money mortgage. There is no amortization, and long-term debt is not treated anywhere on either statement.
We conclude that the verdict and judgment for lost profits is not supported by any record evidence.
Loss of business value is measured as of the date the business was lost: July 1983. Again, appellees' reliance on the two statements of June 30, 1981, is misplaced. Those statements have no bearing on the value of the business in 1983. The same is true of the personal financial statements which are insufficient for additional reasons. Only the statements for 1981 and 1982 are legible. On the 1982 return a value of $215,000 is placed on a group of three assets including "REST," assumably the restaurant. Also included is "JEWELRY" and a third category that is illegible. The $215,000 figure is meaningless in terms of the value of the business by itself. On the 1981 statement there is a figure of $185,000. The statement is typewritten. There is a penned-in notation on this figure "Bus" so that apparently at some time an effort was made to indicate this as the value of the business. We do not know when or by whom the notation was made. The figure as well as the statement is self-serving. In addition, this financial statement is inconsistent with the tax return filed for the year in question. The financial statements, therefore, have little if any probative value even for the dates which they respectively reflect.
There was testimony as to the purchase price of the business in 1978. This is entitled to very little weight as evidence on the issue of the value of the business after a change of ownership from appellants to appellees and operation of the business by appellees from 1978 to 1983. An accountant testified as an expert to the value of the business. He was not aware of and had not taken into account various outstanding liabilities. His opinion was substantially discredited.
Mrs. Levine, as an owner, testified to the value of the business. An owner may ordinarily testify as to the value of property owned. See Salvage & Surplus, Inc. v. Weintraub, 131 So.2d 515 (Fla. 3d DCA 1961). However, the presumption that an owner is sufficiently familiar with property to give an admissible opinion as to its value is a fragile one. If it be shown that the owner (or the agent of an owning corporation, as here) does not have such familiarity, the opinion evidence is not admissible. Id. at 516. Mrs. Levine was familiar with the day-to-day operation of the business. She counted receipts and paid the bills. She did not, however, as we view her testimony, have any real concept of the value of the business. She gave raw data to the accountant which he pieced together to give a composite picture (albeit, as it turns out, an inaccurate one for failure to include outstanding debts) of the financial condition of the business. Her opinion therefore is not entitled to be relied on to support a finding as to value.
Mrs. Levine also testified that there was an offer to buy the business. However, a sale was never consummated. An unaccepted offer is not admissible to prove value. Leslie E. Brooks Co. v. Long, 67 Fla. 68, 64 So. 452 (1914).
*633 The evidence, therefore, was totally insufficient to support that aspect of the jury verdict and judgment awarding damages for loss of business value.
Based on the foregoing, we reverse the awards for lost profits and loss of business value contained in the final judgment (Case No. 4-86-0768).
Appellees have cross appealed the trial court's refusal to grant them attorney's fees pursuant to their sublease agreement to which appellants were not a party. We affirm (Case No. 4-86-1666).
Our determination of the main appeal requires reversal as well of the cost judgment questioned by appellants (Case No. 4-86-3085).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY and STONE, JJ., concur.