LARIO, J.T.C.
Defendant, in each of the above-entitled local property tax appeals, has moved to be permitted to file an answer and either a counterclaim or erossclaim out of time. The facts are not in dispute. Because the legal issues raised are identical, the motions were consolidated.
Each of the above-entitled plaintiffs for the 1990 tax year[1] filed a direct appeal with this court. All the appeals were filed on August 13, 1990 and service of copies of the complaints was made upon the defendant by mail. Defendant acknowledges that it received all of the copies of the complaints on August 17, 1990. On September 14, 1990, defendant filed with this court the instant motions.
In support of its position defendant urges:
1. that pursuant to N.J.S.A. 54:3-21.4 and 21.5 it was granted by the Director, Division of Taxation, an extension through September 14, 1990 to file tax appeals; and,
2. its municipal attorney acted in good faith when he erroneously interpreted R. 8:4-3(a) to permit filing of responsive pleadings, including counterclaims and cross-claims by September 14, 1990; therefore, the Rule should be relaxed to permit the filing.
Plaintiff responds:
1. The Director, Division of Taxation never extended the time within which Vineland had to file a Direct Appeal pursuant to N.J.S.A. 54:3-21; and,
*460 2. If, in fact, the Director did enter such an order, he had no authority or jurisdiction to do so because N.J.S.A. 54:3-21.4 and 21.5 are
(a) limited to appeals filed with the county boards of taxation; and,
(b) permits extensions of time to file appeals solely to taxpayers and not to taxing districts.
N.J.S.A. 54:3-21 provides that a taxpayer feeling aggrieved by the assessed value of his property, or a taxing district which may feel discriminated against,
may, on or before, August 15 file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $750,000____
If a petition of appeal or a complaint is filed during the 19 days next preceding August 15, a taxpayer or a taxing district shall have 20 days from the date of service of the petition or complaint to file a cross-petition of appeal with a county board of taxation or a counterclaim with the clerk of the tax court as appropriate.
This statutory extension of 20 days after service to file a counterclaim is a deadline which is a nonmodifiable jurisdictional requirement and, because the right to appeal is prescribed by statute, both taxing districts and appealing taxpayers are required to comply with its time limitations and the doctrine of relaxable court rules is not applicable. Failure to file a timely appeal is a fatal jurisdictional defect. FMC Stores Co. v. Morris Plains Boro., 100 N.J. 418, 423-425, 495 A.2d 1313 (1985).
In the instant appeals, defendant filed its motion to file a cross-petition of appeal more than 20 days from the date of service of the complaints upon it; therefore, defendant is out of time to be permitted to file a counterclaim with the clerk of this court under this statute. See Prospect Hill Apts. v. Flemington 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737 (Tax Ct.1979), holding that this court lacked jurisdiction to accept as filed a mailed complaint received by the court clerk one day late.
The next issue to be addressed is the effect of the Director’s order dated August 6, 1990 which was addressed to the Cumberland County Board of Taxation and directs as follows:
Pursuant to your request for an extension of time for filing Petitions of Appeal to your County Board of Taxation as a result of the following districts’ failure to timely mail their tax bills, I hereby grant approval for said extension *461 for filing of tax appeals through September 14 of the tax year in accordance with the provisions of N.J.S.A. 54:3-21.4 and 21.5 and N.J.A.C. 18:12-5.1 for those taxpayers whose tax bills were not mailed or otherwise delivered to them before July 15, 1990.
Bridgeton City
Commercial Township
Millville City
Vineland City
Pursuant to this grant extending time for filing of appeals, the Cumberland County Board of Taxation issued the following notice:
August 15th is the statutory deadline for filing tax appeals in Cumberland County for the tax year 1990. However, budget delays in certain municipalities have made it necessary to extend this filing date to September 14th in the City of Bridgeton, City of Millville, City of Vineland, Township of Commercial and Township of Fairfield [2]. This extension of time is permitted by statute. In all other taxing districts the August 15th date still applies and taxpayers intending to file appeals should be guided by the following dates accordingly.
Plaintiff contends that this grant and notice does not extend the time within which to file a direct appeal with the Tax Court but, instead, is limited to appeals filed to the Cumberland County Board of Taxation; and, second, is specifically limited to taxpayers which does not include taxing districts.
N.J.S.A. 54:3-21.4 provides as follows:
Notwithstanding the provisions of any law, rule or regulation to the contrary, a county board oí taxation may upon the written application of the taxpayer and the approval of the Director of the Division of taxation, extend the time for appeal provided in R.S. 54:3-21 for any taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, whenever a local taxing district fails for any reason, to mail or otherwise deliver a tax bill to such taxpayer before July 15. When the collector of the taxing district informs the county board of taxation that a tax bill was mailed or otherwise delivered to the taxpayer before July 15, the county board shall determine whether the taxing district failed to send a tax bill to the taxpayer only after providing the collector *462 and the taxpayer a reasonable opportunity to submit sworn statements regarding the sending and receipt of the tax bill. [Emphasis supplied]
This statute is implemented by N.J.S.A. 54:3-21.5 as follows:
The Director of the Division of Taxation is hereby empowered to approve reasonable extensions of time for appeal by an aggrieved taxpayer to a county board, of taxation in any instance within the purview of section 1 of this act [section 54:3-21.4]; provided, however, that no such extension shall be for more than 30 days from the date otherwise provided by law____ [emphasis supplied]
 In construing a statute, the court must first consider its plain language. Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 128, 527 A.2d 1368 (1987). N.J.S.A. 54:3-21.4 plainly permits only a county board of taxation, upon approval of the Director of the Division of Taxation, to extend the time for appeal. L.1973, c. 69, § 2. In section 2 of this act, the Legislature empowered the Director to approve “reasonable extensions of time for appeal by an aggrieved taxpayer to a county board of taxation____” Emphasis supplied. N.J.S.A. 54:3-21.5. Again, the Legislature plainly conferred approval for extensions of time for appeal solely to appeals to a county board of taxation. Both sections of this law are clear and unambiguous.
Where the words of a statute are clear and their meaning and application plain and unambiguous, there is no reason for judicial construction, White v. State Bd. of Tax App., 123 N.J.L. 350, 353, 8 A.2d 819 (Sup.Ct.1939), and courts cannot arbitrarily expand their scope. It is beyond the power of a court to construe or implement a law beyond the clear, unambiguous language of the statute. Ailing Street Urban Renewal Co. v. Newark, 204 N.J.Super. 185,189, 497 A.2d 1287 (App.Div.1988); McMillan v. Taxation Div. Director, 180 N.J. Super. 175, 177, 434 A.2d 620 (App.Div.1981); aff’d o.b. 89 N.J. 216, 445 A.2d 397 (1982); Galloway Tp. v. Petkevis, 2 N.J.Tax, 85, 92-93 (Tax Ct.1980).
As stated by Justice Clifford:
Fundamental principles of statutory construction require that “[i]f the [statutory] language is plain, unambiguous and uncontrolled by other parts of the act or other acts upon the same subject the court cannot give it a different meaning.” [Citation omitted]____
*463 Our duty is to construe and apply the statute as enacted. We are not at liberty to presume the Legislature intended something other than what it expressed by its plain language. This Court will not engage in conjecture or surmise which will circumvent the plain meaning of the act. [In re Jamesburg High School Closing, 83 N.J. 540, 547-548, 416 A.2d 896 (1980)]
Since this legislative permission extending time to file tax appeals is clearly confined to appeals to county boards of taxation, it is the duty of this court to apply the statute as enacted. State v. Fearick, 69 N.J. 32, 37, 350 A.2d 227 (1976).
By reason of the foregoing conclusion it is unnecessary to address the remainder of plaintiffs’ argument.
Defendant’s motions are denied.

 It is noted that, for the tax year 1990, Vineland did not implement a revaluation; therefore, if the facts so warrant, N.J.S.A. 54:51A-6 is applicable. F.M.C. Stores v. Morris Plains Boro., 195 N.J.Super. 373, 386, 479 A.2d 435 (App.Div.1984), affd 100 N.J. 418, 495 A.2d 1313 (1985). However, prior to close of proofs plaintiffs may unilaterally withdraw their complaints. R. 8:3-9; Cherry Hill Tp. v. U.S. Life Ins. Co. of N.Y., 176 N.J.Super. 254, 1 N.J.Tax 236, 422 A.2d 810 (Tax Ct.1980).

 Extension of time for the filing of appeals for Township of Fairfield was entered by a separate order.