[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  13-11756
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cv-80300-DTKH

FRED LEVINSON,
LOUISE LEVINSON,

Plaintiffs - Appellants,

versus

LANDSAFE APPRAISAL SERVICES, INC.,
OCTAVIO D. MARTINEZ,

Defendants - Appellees,

PREFERRED HOME MORTGAGE COMPANY,
WELLS FARGO BANK, N.A., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 11, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Fred and Louise Levinson appeal the district court's grant of summary judgment in favor of Landsafe Appraisal Services, Inc. and Octavio Martinez, as well as the district court's denial of their own motion to alter or amend judgment under Rule 59(e). After review of the record and the parties' briefs, we affirm.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

The Levinsons sought to purchase a home in the Casa Bella development in Delray Beach, Florida from property developer TOUSA Homes, Inc. The purchase was financed through a loan from Wells Fargo Bank that was brokered by Preferred Home Mortgage Company. Preferred Home hired Landsafe to appraise the property, and Landsafe in turn delegated this task to Mr. Martinez. On February 15, 2008, Mr. Martinez issued his appraisal report, opining that the property was valued at $591,000. The Levinsons closed on the purchase of the property for $590,565 on March 10, 2008.

After obtaining a copy of the appraisal seven months later, the Levinsons

2

sued Landsafe and Mr. Martinez in state court,[1] alleging that the appraisal intentionally misrepresented the fair market value of the property with the aim of inducing the Levinsons to purchase their home at an inflated price. Following removal, Landsafe and Mr. Martinez moved for summary judgment on the fraud and civil conspiracy claims that the Levinsons asserted against them. They argued that the Levinsons had not presented sufficient evidence to rebut the showing that the valuation contained no false statement, and hence could not establish the misrepresentation prong of their fraud claim as a matter of law. They also asserted that disclaimers in loan and purchase documents that the Levinsons executed negated their purported reliance on the appraisal's valuation and therefore served as an independently sufficient basis for summary judgment. In response, the Levinsons submitted the affidavit of Mr. Levinson, which averred that the appraisal "substantially overvalued" their property and misrepresented the "comparable" properties on which it relied in reaching its valuation. The district court granted summary judgment on both of the alternative bases that Landsafe and Mr. Martinez set forth, concluding in relevant part that Mr. Levinson's affidavit failed to show Mr. Levinson's personal knowledge that the property's fair market value was in fact substantially less than the valuation that Mr. Martinez assigned to it.

---

[1] The Levinsons' complaint also named additional defendants who have since been dismissed from the case.

3

The Levinsons then moved to alter or amend the judgment under Rule 59(e), arguing that summary judgment was improperly granted given purportedly newly discovered evidence gleaned from several depositions, particularly that of Mr. Martinez, which had been taken after summary judgment briefing and oral argument had been completed but before the district court issued its summary judgment order. The district court denied the Levinsons' motion. The Levinsons now appeal.

## II

### A

The Levinsons argue that the district court erroneously granted summary judgment to Landsafe and Mr. Martinez because they presented sufficient evidence to create a genuine issue of material fact. We disagree.

We review *de novo* the grant of summary judgment, applying the same legal standards used by the district court. *See Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1253 (11th Cir. 2010). These legal standards require that we view the facts and resolve all reasonable inferences in favor of the non-moving party. *See Hawkins v. Sarasota County Sch. Bd.*, 322 F.3d 1279, 1280-81 (11th Cir. 2003). Summary judgment should only be granted if the record reveals that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id*.

4

The district court reasoned that, because the Levinsons had not presented evidence to refute Landsafe's and Mr. Martinez's initial showing that the appraisal of their property contained no misrepresentations, the Levinsons could not establish the falsity of the representations in the appraisal. In so doing, the district court concluded that Mr. Levinson's affidavit was insufficient as a matter of law to create a genuine issue of material fact.

On appeal, the Levinsons argue in the "summary of the argument" section of their initial brief that "Fred Levinson did indeed demonstrate a sufficient factual basis for his opinion of the home, based on a combination of his identifiable personal knowledge, and based on the evidence adduced subsequent to the summary-judgment submissions and oral argument at the deposition of the appraiser, [Mr.] Martinez."[2]  They go on to discuss why evidence from Mr. Martinez's deposition, which was not before the district court at the time it granted summary judgment, creates a genuine issue of material fact. Yet they do not argue that Mr. Levinson's affidavit is sufficient on its own to preclude the grant of summary judgment. Because the district court hinged its grant of summary judgment on the independent basis that the evidence properly before it established

---

[2] Even if the reference to Mr. Levinson's "identifiable personal knowledge" were intended to encompass the sufficiency of his affidavit, merely mentioning the argument in a "summary of the argument" section is insufficient to properly raise it for appeal. *Kelliher v. Veneman*, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002) (referencing issue in summary of the argument section without further elaboration constitutes abandonment of the issue).

5

that the appraisal included no false statement, and the Levinsons do not argue that a different conclusion should be drawn from that evidence, the Levinsons have abandoned any argument that Mr. Levinson's affidavit is sufficient to create a genuine issue of material fact. *See Sapuppo v. Allstate Floridian Ins. Co*., --- F.3d ----, 2014 WL 43894, at \*2 (11th Cir. Jan. 7, 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *Little v. T-Mobile USA, Inc*., 691 F.3d 1302, 1306 (11th Cir. 2012) (affirming denial of class certification where appellant failed to challenge an "independent, alternative ruling" on which denial was based).[3]

Even if the issue were properly raised, Mr. Levinson's affidavit is insufficient to withstand summary judgment. An affidavit used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Under Florida law, "[a]n owner of property is generally qualified to testify as to the value of his own property." *Tucker v. Tucker*, 966 So. 2d 25, 26 (Fla. 2d DCA 2007). Even so,

---

[3] As we discuss below, the purportedly "newly-discovered" evidence on which the Levinsons sought to rely was not properly before the district court when it entered its summary judgment order.

however, a property owner seeking to so testify "must be shown to have knowledge regarding the property and its value sufficient to qualify him." *Sun Bank/N. Fla., N.A. v. Edmunds*, 624 So. 2d 753, 756 (Fla. 1st DCA 1993) (quoting *Salvage & Surplus, Inc. v. Weintraub*, 131 So. 2d 515 (Fla. 3d DCA 1961)).  In keeping with this proviso, Florida courts instruct that "the presumption that an owner is sufficiently familiar with property to give an admissible opinion as to its value is a fragile one." *Trailer Ranch, Inc. v. Levine*, 523 So. 2d 629, 632 (Fla. 4th DCA 1988).

Mr. Levinson's affidavit does not meet the standards for personal knowledge under the Federal Rules of Civil Procedure or Florida law.  The affidavit merely states in conclusory fashion that the appraisal "substantially overvalued" the Levinsons' home without indicating the home's allegedly true valuation at the time the appraisal was issued or on the date of closing.  Nor does the affidavit indicate a source or foundation for Mr. Levinson's purported knowledge that the appraisal misrepresented the size or quality of the "comparable" properties on which valuation was based.  In short, Mr. Levinson's affidavit rests on unsupported speculation that, standing alone, is insufficient to raise a genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c)(4); *Sun Bank/N. Fla.*, 624 So. 2d at 756.[4]

---

[4] Because we conclude that Mr. Levinson's affidavit is insufficient to establish a genuine issue of material fact, we need not address the district court's alternate ground for granting summary judgment.

**B**

The Levinsons also contend that the district court abused its discretion when it denied their motion to alter or amend judgment under Rule 59(e).  They maintain that purported newly-discovered evidence, principally deposition testimony of Mr. Martinez, creates a genuine issue of material fact sufficient to defeat summary judgment.  We are not persuaded.

We review the denial of a motion to alter or amend judgment under Rule 59(e) for abuse of discretion.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Such a motion should be granted only on the basis of newly-discovered evidence or a manifest error of law or fact.  Id.  A movant "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

We cannot say that the district court abused its discretion in denying the Levinsons relief under Rule 59(e).  Because the Levinsons had access to the relevant deposition testimony before the district court's entry of summary judgment, the evidence cannot be classified as "newly-discovered."  *See Michael Linet*, 408 F.3d at 763.  Moreover, it would have been reasonable for the Levinsons to anticipate that the deposition of a named defendant might have produced evidence that they would have wanted to cite in opposition to a motion for

9

summary judgment.  Yet the Levinsons did not seek additional time to respond to the summary judgment motion by moving for a continuance under Rule 56(d), nor did they move to supplement their response to the summary judgment motion once the deposition had been taken.  *See Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1310 (11th Cir. 2003) (concluding that evidence was not truly "newly-discovered" where the moving party could have sought to obtain the information by deposition before entry of summary judgment or moved for a continuance under former Rule 56(e)).

## III

The district court's grant of summary judgment in favor of Landsafe and Mr. Martinez is affirmed.  So is the district court's denial of the Levinsons' motion to alter or amend the judgment.

AFFIRMED.

10