BESSIE S. SHEPARD

v.

HALSEY M. BARRETT, as receiver, &c., et al.

[Submitted March 30th, 1915.   Decided April 8th, 1915.]

1. Although the common law procedure of strict foreclosure is almost entirely superseded by the more equitable method of foreclosure sale, as regulated by the statute, nevertheless strict foreclosure may be had where a mortgagee is in possession under a legal title from the holder of the equity of redemption, for the purpose of cutting off intervening liens or encumbrances, where the mortgage is given for the entire purchase-money, and the value of the land does not exceed the amount of the mortgage, or where a purchaser in good faith, at a mortgage foreclosure sale which is not conclusive against some encumbrancer not made a party to the suit, has gone into possession under such sale.

2. In an action for strict foreclosure of a mortgage by one in possession of the property against a subsequent encumbrancer, where the answer merely denied complainant's allegations that she had no knowledge of such subsequent encumbrance when purchasing under her own foreclosure sale, such answer offered no bar to complainant's relief, since only an

intentional omission from the bill in a sale-foreclosure prevents the prior mortgagee from being a purchaser in good faith and not to be afforded the harsh remedy of strict foreclosure.

*Mr. Robert M. Boyd, Jr.,* for the complainant.

*Mr. Samuel F. Leber,* for the defendants.

BACKES, V. C.

This bill is for a strict foreclosure. The complainant's original bill went to a decree and sale, at which she became the purchaser, and now is in possession of the mortgaged property. The American Mortgage Company, holder of a second mortgage, was made a party defendant, but on the day the bill was filed the company was adjudged insolvent, and Mr. Halsey M. Barrett was appointed receiver. The American Mortgage Company was not served with process, and the receiver, to whom title to the company's mortgage passed, was not made a party to the suit. The receiver has since sold his mortgage to the defendant Guarantors' Securities Company. The complainant alleges that she did not become aware of the appointment of the receiver until after the sheriff's sale, and she prays that the receiver and the Guarantors' Securities Company be decreed to redeem her mortgage, or be foreclosed. The Guarantors' Securities Company denies that the complainant had no notice of the change of ownership of the second mortgage at the time of the filing of the bill. Motion is now made to overrule the answer, and for a decree. The common law procedure of strict foreclosure has been almost entirely superseded by the more equitable method of foreclosing by sale, as regulated by the statute. It is still, however, an available remedy in this state, as where a mortgagee is in possession under a legal title from the holder of the equity of redemption, for the purpose of cutting off intervening liens or encumbrances. *Eldridge* v. *Eldridge, 14 N. J. Eq. 195; Lockard* v. *Hendrickson, 25 Atl. Rep. 512;* or, when the mortgage is given for the entire purchase-money and the value of the land does not exceed the amount of the mortgage; *Jones Mort. (6th ed.) § 1540;* or, in case one has purchased in good faith at a mortgage foreclosure

sale which is not conclusive against some encumbrancer not made a party to the suit, and the purchaser has gone into possession. *Jones Mort., supra; Parker* v. *Child, 25 N. J. Eq. 41.*

Where a subsequent mortgagee is intentionally omitted from a bill in a sale-foreclosure, and the prior mortgagee purchased with knowledge of the omission, he is not a purchaser in good faith and ought not to be afforded this harsh remedy to extricate him from a situation which he himself created. In *Parker* v. *Child, supra,* the chancellor observed that in that case "the first mortgagee, in foreclosing his mortgage omitted, *not from design,* but from the oversight of his solicitor, to make the holder of the second mortgage a party to the suit," although the second mortgage had been registered; the clear intimation being that if the omission had been intentional, the relief would not have been granted.

The answer in the present case is simply a denial of the complainant's allegations that she had no knowledge of the receiver's appointment when the bill was filed. Notice of the receiver's claim and that the failure to make him a party, was intentional and by design, is not pleaded, and, therefore, the answer offers no bar to the relief the complainant seeks. It does not exclude accident or inadvertence.

I have been referred to the case of *Moulton* v. *Cornish, 138 N. Y. 133; Denton* v. *Ontario County National Bank, 150 N. Y. 126.* The general rule there laid down, that the right to a judicial sale of the mortgaged premises is one of the incidents of the mortgage contract, which cannot be denied or suppressed, except in the presence of some adverse dominating equity, as something in the nature of an estoppel, does not prevail in this state.

The amount due to the complainant was agreed upon by counsel in open court. That the land is worth no more than the amount of the complainant's mortgage is not denied. The complainant offers to make a grant of her legal title and to surrender possession upon the payment of the amount due upon her mortgage. I will advise a decree that the defendant redeem within thirty days, or be foreclosed. The complainant is entitled to her costs in this suit, but not in the former cause.