DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

NOVEMBER TERM, 1916.

CONSOLIDATED GAS AND GASOLINE ENGINE COM-
PANY, A CORPORATION, RESPONDENT, v. MICHAEL
BLANDA, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

A general demand for a jury made two days before the time fixed for
trial, whenever that may be, with proper notice to the clerk, is
sufficient. The demand does not have to be for the return day
or any particular day, but if given for a specific date, which
would normally be the day for trial, it is valid if the required
notice be served as directed by the statute.

On appeal from the Supreme Court, whose opinion is re-
ported in 89 *N. J. L.* 104.

For the appellant, *Weinberger & Weinberger.*

For the respondent, *Herman Rust.*

135

The opinion of the court was delivered by

WALKER, CHANCELLOR.   The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in the Supreme Court.

We think, however, it should be pointed out that this case differs from that of *James E. Crossley* v. *William H. Connolly Co.* (*post p.* 238), No. 92 of this term, opinion by Mr. Justice Minturn, in this court.   In that case there was a proper demand for a jury at the day fixed for trial, and the trial was actually commenced before the jury which was empaneled. An adjournment was granted by the court on motion of the plaintiff's attorney.   Upon the subsequent day set the court proceeded to hear and determine the cause without a jury, for the reason that none had been demanded for that particular day, and we held in the Crossley case that although no legislative provision has been made for the return of the same jury, nevertheless, as the plaintiff's request was not brought about by any fault of the defendant, the rights of the latter to the form of trial conceded by the statute, and which it had elected to adopt, should in nowise be jeopardized by the action of the court, and that neither the plaintiff's unwillingness to proceed, nor the trial court's recognition of his right to an adjournment, should operate to deprive the defendant of a right secured to it by law.   The differentiating feature is, that in the case at bar an abortive demand for a jury trial was made for the return day of the summons, it being defective because notice was not given the clerk two days before the time fixed for trial, assuming the return day to be the time so fixed.   On the return day, which was December 1st, 1915, there was no trial and an adjournment was had to December 8th, 1915, and no new demand for a jury trial was made in writing two days before that date.   In this situation, the District Court properly proceeded to try the case without a jury, and the judgment rendered for the plaintiff is valid.

A general demand for a jury made two days before the time fixed for trial, whenever that may be, with proper notice to the clerk, is sufficient.   The demand does not have to be for

the return day, or any particular day, but if given for a specific date, which would normally be the day for trial, it is valid if the required notice be served as directed by the statute.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—None.