Complainant, by its bill, seeks to quiet title to two certain pieces of land in Eversham township, Burlington county, New Jersey; the bill is in the form required by the statute, 4 Comp.Stat. 1910 p. 5399 § 1. The facts are undisputed and appear from a bill of particulars furnished by the defendant, from his admissions made upon notice, and from the testimony and proofs at the final hearing, and are substantially these: The defendant, Evens, was the holder of a mortgage executed by Marlton Farms, Incorporated, dated January 19th, 1931, given to secure $16,000, covering inter alia lands described in complainant's bill. Subsequent to the making and recording of this mortgage, Marlton Farms, Incorporated, by deed dated September 30th, 1932, conveyed to the complainant for full and valuable consideration, by warranty deed in fee-simple, the lands and premises inter alia
described in the bill of complaint, which deed was duly recorded on October 3d 1932, in the Burlington county clerk's office. In said deed Marlton Farms, Incorporated, covenanted with complainant as follows: "All of the lands and premises herein described are conveyed free and clear of all incumbrances, and the said grantor, for itself, its successsors and assigns, *Page 74 
does covenant, grant and agree to and with the grantee, its successors and assigns, that the said premises above described now are free and clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances of whatever nature and kind whatsoever."
On September 30th, 1932, complainant mortgaged the lands described in the bill of complaint herein, inter alia, to North Camden Trust Company, a corporation, for the sum of $3,000, which mortgage was, on October 6th, 1932, recorded in said clerk's office. On October 25th, 1932, defendant Evens filed in the Burlington county circuit court a bill to foreclose his said mortgage of $16,000. Neither the complainant, Indiana Investment Company, then owner of the lands described in the bill filed herein, nor the North Camden Trust Company, the owner of the mortgage executed by Indiana Investment Company, were made parties defendant in said foreclosure suit. The foreclosure in the circuit court was contested; by an answer filed in those foreclosure proceedings on April 7th, 1933, the facts concerning the conveyance of the two parcels of land described in the bill of complaint herein to Indiana Investment Company and the making of the mortgage to North Camden Trust Company were disclosed. No effort was made by the defendant herein, the complainant in the foreclosure proceedings, to make either the Indiana Investment Company or the North Camden Trust Company a party defendant in said cause, and the said cause came on for final hearing before Judge Eldredge in the circuit court in November, 1933. North Camden Trust Company, having filed a petition praying to be admitted as a party defendant, at the hearing on said petition, urged upon the court its prayer to be so admitted, and the attention of the solicitor of Mr. Evens, the complainant therein, was specifically directed to the fact that the lands in question had been conveyed to Indiana Investment Company and by it mortgaged to North Camden Trust Company prior to the filing of the foreclosure bill. Mr. Evens was there in court at that time, so that he, as well as his solicitor, then had actual knowledge of this deed and mortgage. Objection to the admission of North Camden Trust *Page 75 
Company as a party defendant was made on behalf of complainant, Evens, by his solicitor, who stated in open court and in the presence of his client that he would take his chances so far as the rights of the trust company and Indiana Investment Company were concerned. He was warned by the court of the possible effect of continuing with the foreclosure without joining Indiana Investment Company and North Camden Trust Company as defendants, but he persisted in his determination to proceed without them and to take his chances in the face of the court's statement that the rights of these parties could not be affected because they were not parties to the foreclosure proceedings. As a result of the opposition of the complainant, Evens, the court denied the prayer of the petitioner, North Camden Trust Company, and the cause proceeded without having either Indiana Investment Company or North Camden Trust Company made defendants.
The lands covered by Evens' mortgage, excluding only such lands as had been released therefrom, were sold by the sheriff of Burlington county under an execution issued as a result of a decree in the foreclosure proceedings in the circuit court. The execution included the lands described in the bill filed herein, but this portion of the real estate was sold by the sheriff separately from the remaining lands in Evens' mortgage; the highest bid on the lands so described in the bill filed herein was $30, and that on the remaining lands sold at the sheriff's sale was $520, a total of $550, both bids being made by Evens, the complainant mortgagee, to whom the deed was executed and delivered by the sheriff. So far as the testimony in this cause is concerned, there was no proof that Evens had entered into actual possession of the lands described in the bill filed herein. The Indiana Investment Company took possession of the lands described herein at the time of the conveyance made to it by Marlton Farms, Incorporated.
After the aforesaid sheriff's sale of these lands, a bill was filed in this court by Edward B. Mahaffey, J. Lynn Mahaffey, and R. Elmer Schall, complainants, against Howard Evens, the defendant herein, seeking to enjoin him from taking proceedings against them as obligors on the bond accompanying the mortgage which Evens foreclosed, for the collection of *Page 76 
any deficiency arising from the foreclosure sale; in such cause Evens was enjoined from entering a judgment until the exhaustion of the entire security of his mortgage by a valid foreclosure and sale of the two parcels of land conveyed to Indiana Investment Company and described in the bill filed herein. In that cause,Mahaffey v. Evens, 115 N.J. Eq. 434, it appeared that there had been a stipulation entered into between Evens, Marlton Farms, Incorporated, and the sureties on the bond, of which neither the Indiana Investment Company nor North Camden Trust Company was one, that there should be credited a sum of money which would be paid by the State of New Jersey as a result of the taking of certain of the lands for highway purposes, which stipulation further provided that judgment for deficiency on said bond might be entered at any time within thirty days from the date of the payment of said moneys by the State of New Jersey. This money has been paid to Evens, but no proceedings had been taken by him on said bond at the time of the filing of the bill in this cause, nor had it taken any valid proceedings against the complainant herein to foreclose its equity of redemption respecting the lands described in the bill filed herein.
Under the circumstances can the defendant, Evens, by any appropriate legal proceedings perfect title in himself to the two parcels of land described in the bill of complaint herein, conveyed by Marlton Farms, Incorporated, to the complainant and by it mortgaged to North Camden Trust Company? Mr. Evens has chosen, with full knowledge of the interests of Indiana Investment Company and North Camden Trust Company, to deliberately omit them as defendants in his foreclosure proceedings in the circuit court, and he is therefore not in a position to maintain a bill for strict foreclosure which might possibly have been his right had he inadvertently or mistakenly failed to make them parties defendant. At the time of the filing of the bill in the foreclosure proceedings in the circuit court, Evens' solicitor could not have been said to have omitted Indiana Investment Company and North Camden Trust Company as defendants by design, and it was probably an oversight on his part at that time; but, after the *Page 77 
interests of those two parties were brought directly to the attention of Mr. Evens and his solicitor, not only by the answers filed in the cause, but also by a petition presented at final hearing and the oral argument thereon, it must be concluded that the omission was intentional and that therefore he could not now maintain a bill of strict foreclosure. Shepard v. Barrett,84 N.J. Eq. 408.
Defendant also contends that by virtue of either his sheriff's deed or his mortgage, after default, he is entitled to maintain ejectment against the complainant herein; but ejectment is a possessory action only, and does not quiet a disputed title. Having elected to foreclose, and having further elected to proceed with that foreclosure after notice of the defects in those proceedings, and having proceeded to final decree and sale therein, and having purchased the land and accepted a deed therefor from the sheriff, Mr. Evens is now estopped to assert any rights under his mortgage, for those rights merged in the final decree of foreclosure. Now what title, as against complainant herein, has defendant, Evens, acquired in and to the disputed lands by virtue of his sheriff's deed in the foreclosure proceedings? Obviously none. So far as complainant herein is concerned, the foreclosure and sale are a nullity.
Nor does Mr. Evens have the right to proceed by a second foreclosure on his mortgage against the lands of the complainant herein omitted in the first foreclosure. This right can only be pursued, if, indeed, it can be pursued at all, where omissions were made in good faith. The foreclosure of a mortgage for the entire mortgage debt, principal and interest, is a single cause of action and all parties claiming rights under the mortgage, together with subsequent purchasers and encumbrancers, are necessary parties to the suit. The defendant's mortgage has by the foreclosure proceedings in the circuit court merged into the decree in that court so far as all parties thereto are concerned; and, because the circumstances of that case now bar a foreclosure against complainant herein, the mortgage can no longer be said to be a valid lien upon the lands of the complainant herein. The lien of the decree supplants the mortgage. Hudson Trust Co. v.Boyd, 80 N.J. Eq. *Page 78 267; Elmore West End Building and Loan Association v. Strede,100 Atl. Rep. 344.
The defendant's position at this time is such that he can neither enforce upon complainant's lands any lien or title created by his foreclosed mortgage nor assert any title against complainant under his sheriff's deed, and such mortgage and deed are now merely clouds upon complainant's title.
Therefore the defendant's mortgage and the later sheriff's deed to him, based on a defective foreclosure of that mortgage, are clouds on the complainant's title which it is entitled to have removed by a decree of this court. A decree to that effect will be advised.