[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 333 
The plaintiff moved to strike the answer of the defendant, Franklin D. Richards, Federal Housing Commissioner, for the reason "that said answer is insufficient in law." The same defendant moved for summary judgment in his favor. The single question raised by the proceeding is the priority of the plaintiff's tax certificate over the mortgage owned by the defendant and acquired prior to the sale of the premises for unpaid taxes. *Page 334 
The tax sale certificate was issued on December 15, 1941 by the Collector of Taxes of the Township of Byram, Sussex County, New Jersey, pursuant to a tax sale for non-payment of taxes assessed for the year 1940 against the real estate described in the complaint. On July 7, 1948, this tax sale certificate was purchased by the plaintiff from the Township for $103.92, which includes the amount of the tax sale, interest and costs, and taxes and interest accruing subsequent to the tax sale, inclusive of the year 1948. A mortgage, a lien on the premises in question, was executed on September 6, 1935 by the owners of the property, Isaak Bogren and Svea Bogren, to Duval Lumber Supply Co. Said mortgage was recorded September 12, 1935 and by mesne assignments was on June 1, 1936 assigned to the defendant, Federal Housing Commissioner.
The defendant in his answer asserts "The said Franklin D. Richards as Federal Housing Commissioner does not hold the said mortgage in his own right, but as an officer of and on behalf of the United States of America. * * * The said mortgage was a lien of the United States of America on the lands described in the complaint from the date of record of the said assignment. * * * Said lien of the United States * * * is prior to and superior to the lien for unpaid municipal taxes assessed and levied for the year 1940 on the premises" in question.
Since there is no challenge of the regularity of the assessment or the tax sale proceedings, we assume their validity. R.S.
54:5-9 provides that "Every municipal lien shall be a first lien on such land and paramount to all prior or subsequent alienations and descents of such lands or encumbrances thereon, except subsequent municipal liens." The plaintiff as the purchaser of the tax sale certificate from the municipality is entitled to the same rights in the foreclosure of the said certificate as the municipality itself could exercise. Also see R.S. 54:5-87.
Congress has in several sections of the National Housing Act,12 U.S.C.A. Sec. 1706(b), 1714, 1722 and 1741, provided that "Nothing in this subchapter shall be construed to exempt any real property acquired and held by the Administrator * * * *Page 335 
under this subchapter from taxation by any State or political subdivision thereof, to the same extent, according to its value, as other real property is taxed." Similar provisions are to be found in the statutes regulating other governmental agencies and instrumentalities; for example, 15 U.S.C.A. 607, Reconstruction Finance Corporation, — "Any real property of the corporation shall be subject to special assessments for local improvements and shall be subject to State, Territorial, county, municipal or local taxation to the same extent according to its value as other real property is taxed." Title 12 U.S.C.A. 1433, Federal Home Loan Bank Act, contains the identical provision.
It is well settled law that the Federal government by its law-making power may waive wholly, or with such limitations and qualifications as may be deemed proper, the exemption of its instrumentalities from state taxation, 51 Am. Jur. (Taxation),Sec. 222, Page 283. The foregoing pertinent provisions of the National Housing Act demonstrate quite clearly that the Congress intended that real property owned by the Federal Housing Commissioner should be subject to municipal taxation. A mortgage being an interest in land, if held by the Commissioner, is subject to the same municipal lien. It necessarily follows that if an interest of the Federal Housing Commissioner is subject to the lien of a tax, he is accordingly subject to any proceedings to enforce payment of the tax. In R.F.C. v. Beaver County, Pa.,328 U.S. 204, 90 L.Ed. 1172, 66 Sup. Ct. 992, Mr. Justice Black speaking for the United States Supreme Court said "To permit the states to tax, and yet to require them to alter their long-standing practice of assessments and collections, would create the kind of confusion and resultant hampering of local tax machinery, which we are certain Congress did not intend. The fact that Congress subjected Defense Plant Corporation's properties to local taxes `to the same extent according to its value as other real property is taxed' indicated an intent to integrate Congressional permission to tax with established local tax assessment and collection machinery." *Page 336 
As I interpret the argument of the defendant, he urges that the lien of the defendant being prior in time to that of the municipality, is entitled to priority on the theory of "First in time, first in priority." But, if a prior lien becomes subject to subsequent municipal taxation notwithstanding its priority in date, the fact that the Commissioner holds such prior lien does not give him any greater rights than any other such lienholder. Moreover, the original mortgagee was Duval Lumber Supply Co., a private New Jersey corporation. The Commissioner acquired the mortgage by assignment and it is fundamental that an assignee of a mortgage succeeds to the rights, privileges and disabilities of the assignor. Of course, the defense raised by the Commissioner would not have been available to the assignor.
The mortgage held by the Federal Housing Commissioner on the premises in question, although prior in time, is not prior in right to the lien of the municipality; but, in fact, the municipal lien is prior in right to the mortgage, notwithstanding the mortgage's prior recording.
Defendant's motion for summary judgment is denied. Plaintiff's motion to strike the defendant's answer is granted and summary judgment will be entered in its favor.