585 A2d 985

MELLON BANK, N.A., PLAINTIFF, v. VIENOR LTD.
CORPORATION, ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Atlantic County

Decided November 20, 1990.

*William M.E. Powers, Jr.* for plaintiff (*William M.E. Powers, Jr.,* Chartered)

*William J. DeMarco* for defendants, Vienor Ltd., Edsel E. Engalla, and Violeta B. Engalla

*Douglas S. Witte* for Third Party defendants, MLM Associates and Executive House Realty (*Carpenter, Bennett & Morrissey, attorneys*)

GIBSON, J.S.C.

This is a mortgage foreclosure. Plaintiff is the assignee of the original lender and has moved for summary judgment. Defendant/mortgagor opposes the motion based on alleged fraud and misrepresentation regarding the original loan. Since plaintiff claims to be a holder in due course, the primary issue is whether plaintiff's status as an assignee insulates it from the wrongdoing of its predecessor/mortgagee. For the reasons expressed below, I have answered that question in the negative and have determined to deny plaintiff's motion.[1]

## Factual Background

On May 27, 1985 the defendant Vienor Ltd. Corporation, purchased Unit # 2204, Tower I, in the Ocean Club Condominium in Atlantic City, New Jersey. As part of that purchase, defendant executed and delivered to the seller, MLM Associates, a purchase money mortgage and note in the amount of $204,800.00. Defendant claims that both the sale and the mortgage were the product of fraud and misrepresentation by MLM. For present purposes, those claims will be accepted as true.

MLM later assigned the note and mortgage to OC Finance Associates, which in turn assigned the same debt to the plaintiff, Mellon Bank, N.A. Defendant made sporadic payments on the note and mortgage up until April, 1989 at which point it defaulted. It has been in default ever since. In response to defendant's default, plaintiff elected to accelerate the entire debt and eventually instituted this foreclosure on August 7, 1989. Defendant concedes that all of the events of default occurred after plaintiff acquired the mortgage and that at the time of the assignment, plaintiff was unaware of defendant's claims against MLM. Although defendant also admits the default, it claims that the fraud by MLM which induced the loan

---

[1] The within opinion represents a formalization of an earlier ruling by the court dated June 8, 1990.

precludes enforcement until all offsets are determined. Defendant has also asserted affirmative claims against MLM by way of a third party complaint.

## LEGAL CONCLUSIONS

*N.J.S.A.* 46:9–9 deals with the rights of an assignee of a mortgage and provides as follows:

> All mortgages on real estate in this State, and all covenants and stipulations therein contained, shall be assignable at law by writing, whether sealed or not, and any such assignment shall pass and convey the estate of the assignor in the mortgaged premises, and the assignee may sue thereon in his own name, but, in any such action by the assignee, there shall be allowed all just set-offs and other defenses against the assignor that would have been allowed in any action brought by the assignor and existing before notice of such assignment.

In this case, Vienor alleges that it was defrauded by MLM at the inception and, but for the wrongdoing of the seller and its agents, it never would have purchased the unit or incurred the debt. Such allegations of fraud in the inducement are said to constitute a "personal defense" and are not normally held to be a valid defense to a suit on the note, assuming the lender is a holder in due course. *N.J.S.A.* 12A:3–305(2). On the other hand, since this is an action to foreclose the mortgage and this mortgage was assigned, *N.J.S.A.* 46:9–9 allows the debtor to assert all set-offs and defenses that would have been allowed against the assignor. The statute makes no distinction between the types of defenses that the mortgagor may assert.[2]

The applicability of *N.J.S.A.* 46:9–9 to circumstances similar to those confronting this court was confirmed in *S.D. Walker, Inc. v. Brigantine Beach Hotel Corp.*, 44 *N.J.Super.* 193, 129 *A*.2d 758 (Ch.Div.1957). In that case, the original lender was deceased and his executors assigned the mortgage to the dece-

---

[2]*N.J.S.A.* 2A:25–1 attaches a similar burden to assignees of contracts for the conveyance of real estate, judgments and choses in action. In the event of a suit by such an assignee, the person sued retains the right to assert all set-offs, discounts and defenses that existed against the assignor before notice of the assignment was given.

dent's residuary legatees. The residuary legatees reassigned the same mortgage and their assignee foreclosed. The court dismissed the complaint on the ground that any alleged default was caused by conduct of the original mortgagees and, as such, it would be inequitable to permit the plaintiff to proceed. *Id.* at 208, 129 *A*.2d 758. In so holding, the court noted that it is "well settled that an assignee of a mortgage succeeds to the rights and privileges, as well as to all the disabilities, of the assignor. *Byram Holding Co. v. Bogren*, 2 *N.J.Super.* 331, 336 [63 *A*.2d 822] (Ch.Div.1949). *R.S.* 46:9–9." *Id.* 44 *N.J.Super.* at 203–204, 129 *A*.2d 758: see also *Citicorp Mortg., Inc. v. Pessin*, 238 *N.J.Super.* 606, 612, 570 *A*.2d 481 (App.Div.1990).

Despite the language of *N.J.S.A.* 46:9–9 and the above authority, the problem is nevertheless complicated by a body of out of state case law which generally distinguishes the rights of assignees based on whether there was a note or a bond and assuming there was a note, whether it was negotiable or non-negotiable. *See generally* 29 *N.J. Practice*, Law of Mortgages, Chap. 10 (1975). For example, it has been observed that "the great weight of authority in other jurisdictions" holds that when a debtor's obligation is evidenced by a negotiable note, the assignee of that note takes free of any personal defenses or set-offs otherwise available to the debtor. *Id.* at § 124, p. 567; Osborne, *Mortgages* § 232. No reported decision in New Jersey holds that way but the concept was recognized in dicta in an 1893 case and is supported in the New Jersey Practice series. *Magie v. Reynolds*, 51 *N.J.Eq.* 113, 117, 26 *A.* 150 (Ch.1893); 29 *N.J. Practice, supra.*[3]

There is no question that there was a note in this case and that it is negotiable. Indeed, I am advised that most commer-

---

[3]Since the debt in *S.D. Walker, Inc. v. Brigantine Beach Hotel Corp., supra* was evidenced by a bond rather than a negotiable note, it could be argued that the result would have been the same even without the statute. 29 *N.J. Practice, supra* at § 123. On the other hand, the court does not indicate whether the bond was negotiable. Nor does it suggest that negotiability was even relevant.

cial lenders currently use negotiable notes. However, since no New Jersey case law treats the issue, there is no way to reconcile the above concepts with the statute. *N.J.S.A.* 46:9–9. Although one might argue that the statute should be read as being compatible with outstanding case law, the difficulty here is that there is no such case law in New Jersey. Moreover, such a reading ignores the plain language of the statute. Finally, such an interpretation would be unfair to this debtor. Why, for example, should the law favor the rights of a sophisticated lender such as the plaintiff, which presumably has the tools to protect itself, over the rights of an unsophisticated consumer, even assuming that the lender and the consumer were both equally innocent of the wrongdoing of the original mortgagee? If this court is to do so, and to read the statute so restrictively, a much stronger signal is needed than the dicta of a century old trial level decision which does not deal with the statute at all. *Cf. Magie v. Reynolds, supra.*

Given the case law cited and the clear language of *N.J.S.A.* 46:9–9, the present law of New Jersey does not support a finding that plaintiff is a holder in due course so as to be insulated from Vienor's defenses against the original mortgagee. Since Vienor's claims of fraud raise a material issue of fact which in this context must be resolved against the movant, this motion must be denied. *R.* 4:42–6; *Judson v. Peoples Bank and Trust Co. v. Westfield,* 17 *N.J.* 67, 75, 110 *A.*2d 24 (1954).

Counsel for Vienor should submit a proposed form of Order consistent with this holding.