**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2015-20

U.S. BANK, NATIONAL
ASSOCIATION, as trustee
for the EMC MORTGAGE
LOAN TRUST 2002-B,
MORTGAGE PASS-
THROUGH CERTIFICATES
SERIES 2002-B,

     Plaintiff-Respondent,

v.

ASSET ACCEPTANCE, LLC,

     Defendant,

and

ALLYN PAOLICELLI,

     Defendant/Intervenor-
     Appellant.

_____

       Submitted May 9, 2022 – Decided August 22, 2022

       Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-001412-20.

Allyn Paolicelli, appellant pro se.

Parker Ibrahim & Berg LLP, attorneys for respondent (Charles W. Miller, III, and Mark S. Winter, on the brief).

PER CURIAM

Plaintiff U.S. Bank obtained final judgment foreclosing Allyn Paolicelli's residential mortgage in January 2019. In December 2019, the property was sold at sheriff's sale to a third-party bidder, 1391 ANN LKWD LLC. When the new owner undertook its own title search of the property, it discovered U.S. Bank's title searcher had missed a $7,042.57 judgment entered against Paolicelli in 2005 and recorded as a lien against her property. The new owner demanded U.S. Bank clear the judgment, precipitating this common law strict foreclosure action against the omitted judgment creditor, defendant Asset Acceptance, LLC. See Sears v. Camp, 124 N.J. Eq. 403, 409-13 (E. & A. 1938) (explaining the availability of strict foreclosure to foreclose the right of redemption of a junior lienholder inadvertently omitted from prior "customary foreclosure by judicial sale"); Citicorp Mortg., Inc. v. Pessin, 238 N.J. Super. 606, 613 (App. Div. 1990) (same).

2

Paolicelli moved to intervene and dismiss the complaint, arguing plaintiff lacked standing to pursue strict foreclosure by reason of 1391 ANN LKWD's purchase of the property at sheriff's sale, and the remedy of strict foreclosure was not available to plaintiff because it allegedly intentionally omitted Asset Acceptance as a defendant in the prior foreclosure. Judge Francis Hodgson, Jr., denied the motion for reasons thoroughly explained in his June 4, 2021 Rule 2:5-1(b) amplification of the opinion he delivered from the bench on April 9, 2020, in a remote proceeding, which recording could not be recovered.[1][2]

The judge found Paolicelli no longer had any interest in the property that would permit her intervention in this matter because her equity of redemption had been extinguished ten days after the sheriff's sale when she failed to redeem the property. See Hardyston Nat'l Bank v. Tartamella, 56 N.J. 508, 513 (1970) (extending the mortgagor's right of redemption through the ten-day

---

[1] As Judge Hodgson explained in his June 4, 2021 opinion, he reconstructed the record pursuant to Rule 2:5-3(f) from the record in ECourts and his own notes after the parties discovered in the course of securing the transcript for purposes of this appeal that a recording of the original remote proceeding was not recoverable.

[2] The order became final on the entry of final judgment in strict foreclosure on March 3, 2021, on Asset Acceptance's failure to redeem pursuant to the court's November 20, 2020 order fixing time and place for redemption.

A-2015-20

period fixed by Rule 4:65-5 for objections to the sale). Accordingly, she lacked standing to raise any issue as to plaintiff's standing to pursue the strict foreclosure.

Nevertheless, the judge addressed Paolicelli's claims, finding she failed to adduce any evidence that plaintiff intentionally omitted Asset Acceptance as a defendant in the prior mortgage foreclosure so as to equitably foreclose it from pursuing the remedy of a strict foreclosure. See Ind. Inv. Co. v. Evens, 121 N.J. Eq. 72, 76 (Ch. 1936) (denying strict foreclosure to mortgagee who deliberately omitted junior encumbrancers from prior mortgage foreclosure). Sears makes clear Paolicelli's argument that plaintiff lacked standing to bring this strict foreclosure is without merit. See 124 N.J. Eq. at 412-13 (explaining foreclosing mortgagee liable to its grantees on its warranty of title had standing to pursue strict foreclosure).

Accordingly, we affirm, essentially for the reasons expressed by Judge Hodgson in his written statement of reasons.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Pursuant to our inquiry, the Superior Court Trust Fund reports it disbursed $155,000 in surplus funds, the entire amount on deposit, to Paolicelli on December 8, 2021, mooting any argument she had of standing by virtue of her need to protect her interest in the surplus monies generated by the sheriff's sale.

A-2015-20